JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 25-02583-DMG (ADSx) | Date | May 2, 2025 |
|---|---|---|---|
| Title | *Phill J. Williams v. 1819 S Gramercy LLC, et al.* | Page | 1 of 1 |

Present: The Honorable   DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER OF REMAND**

*Pro se* Plaintiff Phill J. Williams initiated this case by filing a notice of appeal from a Second District California Court of Appeal order affirming a judgment of the Superior Court of Los Angeles County. [Doc. # 1.] He also subsequently filed a one-page notice of removal that states he seeks removal from final judgment of the Second District California Court of Appeal, but no judgment or order is attached. [Doc. # 7.]

"The *Rooker–Feldman* doctrine instructs that federal district courts are without jurisdiction to hear direct appeals from the judgments of state courts." *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012). "The doctrine bars a district court from exercising jurisdiction not only over an action explicitly styled as a direct appeal, but also over the 'de facto equivalent' of such an appeal." *Id.* (quoting *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2003)). "Congress, in 28 U.S.C. § 1257, vests the United States Supreme Court, not the lower federal courts, with appellate jurisdiction over state court judgments." *Id.* (citing *Lance v. Dennis*, 546 U.S. 459, 463 (2006) (*per curiam*)).

The Court construes the notice of removal as a *de facto* appeal of the Second District California Court of Appeal order.[1] Accordingly, under the *Rooker-Feldman* doctrine, the Court lacks subject matter jurisdiction over Williams's direct and *de facto* appeal of the Second District California Court of Appeal order. From the Court's own review of the publicly available docket in Williams's state court matter, the remittitur was issued on March 27, 2025, transferring jurisdiction over the matter back to the Superior Court of Los Angeles County. Accordingly, the Court *sua sponte* **REMANDS** this action to the Superior Court of Los Angeles County for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

---

[1] Moreover, Williams may not avail himself of the removal statute as the right to remove is limited to defendants. 28 U.S.C. § 1441(a); *Am. Int'l Underwriters (Philippines), Inc. v. Cont'l Ins. Co.*, 843 F.2d 1253, 1260 (9th Cir. 1988) ("The right to remove a state court case to federal court is clearly limited to defendants.").